MR. JUSTICE KELLEY
delivered the opinion of the Court.
This is an appeal by Eddie R. Valencia, defendant, from a conviction for aggravated robbery, 1967 Perm. Supp., C.R.S. 1963, 40-5-1. The principal ground for reversal is that Exhibit “G,” defendant’s confession, was inadmissible because involuntary. We disagree with the defendant’s contentions and, therefore, affirm.
On January 13, 1970, around 3:00 p.m., defendant was apprehended by police while he was in the course of robbing a beauty shop. He was taken to the city jail where he was given Miranda warnings. He signed an advisement form, acknowledging the Miranda warnings and stating that he wanted to talk to a police officer. He was then sent to a hospital for treatment of an unexplained gunshot wound in his right leg. The following morning, at about 10:00 a.m., the defendant was again advised by a police officer of his rights, after which he signed another advisement form, then made and signed the confession, the admission of which into evidence is at issue here. He was then taken before a magistrate.
During the trial an in camera hearing was held, following which the trial court made a specific finding that the confession was voluntary. Exhibit “G” was then admitted into evidence.
 The main thrust of defendant’s argument for reversal is that his statements were involuntary because he was in poor physical condition and under the influence of drugs. The record indicates that he had used narcotics for several *38 years, that prior to his arrest he had been taking a cough syrup containing codeine, and that after his arrest he was given pain-killing drugs on account of his leg wound. However, it is equally clear from the record that there was no force or violence used by the officers on the defendant, and •there were no promises of reward or immunity, nor any threats to induce his confession. In short, there appears to be sufficient evidence to support the court’s finding that statements contained in Exhibit “G” were made voluntarily.
Defendant, also, contends that he had a right to be taken before a magistrate “without unnecessary delay.” At the time in question, January, 1970, Crim. P. 5(a)(2) required that the arrested person be taken before a magistrate “within a reasonable time.” The “without unnecessary delay” provision came into effect April 1, 1970. Crim. P. 5(a)(1).
The record does not support the defendant’s contention that this delay was unreasonable. Most of the delay in the instant case was necessitated by the treatment of the unexplained gunshot wound of the defendant’s leg. In any event, the delay appears to have resulted in no coercion whatever, and, not having contributed to his desire to talk, is not unreasonable.
The judgment is affirmed.